UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KIRINA ANGELA ALONZO, | Case No.: C 13-1604 PSG |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| WELLS FARGO BANK, N.A., NDEX WEST, LLC, | **(Re: Docket No. 5)** |
| Defendants. | |

For 99+% of parties appearing in this court, even under this court's diversity jurisdiction, the question of that party's citizenship passes without a thought. But not when that party is a national bank governed by 28 U.S.C § 1348 whose main office is designated by its articles of incorporation in South Dakota, even as it maintains a principal place of business in California. The otherwise mundane question of the citizenship of Defendant Wells Fargo Bank N.A. ("Wells") has generated written opinions from no less than eleven judges of this district alone, to say nothing of the many judges in other districts who have weighed in. The overwhelming majority of these judges have cited the Supreme Court's 2006 decision in *Wachovia Bank v. Schmidt* and held that Wells' principal place of business is immaterial to its citizenship. A minority, however, have looked to a curious footnote in *Schmidt* suggesting the issue is an open one and earlier precedent

1

Case No.: C 13-1604 PSG
ORDER

from the Ninth Circuit and held that national banks such as Wells are citizens of both the state of their designated main office and their principal place of business.  After considering the parties' arguments for and against the majority view, the undersigned must conclude that the majority has the better of argument and that the motion to remand must be DENIED.

Some brief background is in order.  Plaintiff Kirina Angela Alonzo ("Alonzo") brought this suit to challenge a sale of her property located at 746 N. White Road in San Jose.  Alonzo filed the suit in Santa Clara Superior Court.  After a temporary restraining order was issued, Wells removed the case to this federal court on the basis of diversity of citizenship.  There is no dispute that Alonzo is a resident of California.  What is very much disputed is whether Wells is a citizen of California, which would extinguish this court's diversity jurisdiction.

Under Section 1348, all national banking associations are "deemed citizens of the States in which they are respectively located."  Unlike 28 U.S.C. § 1332, which governs the citizenship of corporations, Section 1348 does not state that a national banking association "shall be deemed to be a citizen of any State . . . where it has its principal place of business. . . ."[1]  In *Schmidt*, the Supreme Court interpreted 28 U.S.C. § 1348 to mean that a national banking association is a citizen of the state where its articles of association designate its "main office, as set forth in its articles of association" as opposed to being a citizen of every state in which it has a branch office.[2]  The Supreme Court also observed in a footnote:

> To achieve complete parity with state banks and other state-incorporated entities, a national banking association would have to be deemed a citizen of both the State of its main office and the State of its principal place of business. See *Horton,* 387 F.3d, at 431, and n. 26; *Firstar Bank, N. A.,* 253 F.3d, at 993–994. Congress has prescribed that a corporation 'shall be deemed to be a citizen of any State by which it has been incorporated *and* of the State where it has its principal place of business.' 28 U.S.C. § 1332(c)(1) (emphasis added). The counterpart provision for national banking associations, § 1348, however, does not refer to 'principal place of business'; it simply deems such associations 'citizens of the States in

---

[1] 28 U.S.C. § 1332(c)(1).

[2] *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 313-14 (2006).

which they are respectively located.' The absence of a 'principal place of business' reference in § 1348 may be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide.[3]

And so remains this issue of a bank's principal place of business where different from its designated main office.

The Ninth Circuit has not addressed the issue since *Schmidt*. The Eighth Circuit appears to be the only circuit that has weighed in, holding that a national banking association's citizenship is solely the place where its "main office" is designated by the articles of association.[4] Before *Schmidt*, the Ninth Circuit held in *American Surety Co. v. Bank of California*, 133 F.2d 160, 162 (9th Cir. 1943) that for purposes of Section 1348, "the 'States in which they (national banking associations) are respectively located' are those states in which their principal places of business are maintained" not every state in which the bank maintained a branch office. The court concluded that "[t]he trial court was right in holding that defendant is a citizen only of the state in which its principal place of business is located."

The overwhelming majority of judges in this district have held that for purposes of diversity jurisdiction, Wells is a citizen of only South Dakota, the state in which its main office is located under its articles of association, and not California, where it has its principal place of business.[5]

---

[3] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 n. 9 (2006)

[4] *Wells Fargo Bank, N.A. v. WMR e-PIN, LLC*, 653 F.3d 702, 709 (8th Cir. 2011).

[5] *See, e.g.*, *Tse v. Wells Fargo Bank, N.A.*, C10-4441 TEH, 2011 WL 175520, at *5-6 (N.D. Cal. Jan. 19, 2011) ("Footnote 9 seems to accept that in a small number of cases, the fact that corporations and national banks live by different citizenship rules will have some practical significance, however, scant. . . . Accordingly, the test for a national bank's citizenship under section 1348 is determined solely by the location of its main office designated in its articles of association."); *DeLeon v. Wells Fargo Bank N.A.*, 729 F. Supp. 2d 1119, 1123-24 (N.D. Cal. 2010) ("Moreover, in footnote 9, the Court recognized the imperfect parity between corporations and national banks."); *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010) (holding that Wells Fargo's citizenship was in the state where its main office was, as opposed to where its principal place of business was located); *Marshall v. Wells Fargo Bank*, Case No. 13-1747 EDL, 2013 WL 3287687 (N.D. Cal. June 27, 2013) (same).

3
Case No.: C 13-1604 PSG
ORDER

These courts have explained that *American Surety* cannot be reconciled with *Schmidt*, and that therefore, *Schmidt* is controlling.[6]

There is, as noted earlier, a minority view. In *Martinez v. Wells Fargo Bank*,[7] after a careful analysis of *Schmidt* as well as circuit authority and the legislative history of Section 1348, the court held that Wells Fargo was a citizen of both its state of association (South Dakota) and its principal place of business (California). The court reasoned that "*Schmidt* left open the possibility that a national bank could be deemed a citizen of the state of its principal place of business, a result consistent with *American Surety*. *American Surety* likewise did not rule out the possibility that citizenship could be located in the state of the national bank's main office as *Schmidt* held—that question was not presented in *American Surety*."[8]

With district courts split on the subject, and our own circuit as yet silent, there is no shortage of paths forward. But on balance, the undersigned finds that the Wells Fargo and the majority have the better of the argument, for three principal reasons. First, the undersigned does not see nearly the ambiguity in footnote 6 of *Schmidt* that others have. If nothing else, the passage is plainly obiter dictum, and even dicta from the Supreme Court does not carry the weight of precedent. Second, in attempting to read the current leaves at the bottom of the Ninth Circuit's cup, the court notes its holding in *Lowdermilk v. U.S. Bank, N.A.* that "Defendant [U.S. Bank] is a

---

[6] *See, e.g., Kim v. Wells Fargo Bank*, Case No. 12-CV-02066 EJD, 2012 WL 3155577, at *3 (N.D. Cal. Aug. 2, 2012) ("Because American Surety left no room for another basis of citizenship, including that promulgated by the Supreme Court, American Surety conflicts with Schmidt in such a way that harmonization of the two is impossible. . . . Schmidt, not American Surety, is controlling here.").

[7] *See* --- F. Supp. 2d ---, 2013 WL 2237879, at *13 (N.D. Cal. May 21, 2013).

[8] *Id.* at *6. *See also Taheny v. Wells Fargo Bank*, 878 F. Supp. 2d 1093, 1100 (E.D. Cal. 2012) (holding that "*Schmidt* and *American Surety* each identify a different possibility for citizenship - main office or principal place of business - without excluding the other possibility"); *Ramos v. Wells Fargo Bank*, Case No. 13-CV-00571 KJM CKD, 2013 WL 2303243, at *1-2 (E.D. Cal. May 24, 2013); *Ortiz v. Wells Fargo Bank*, Case No. 13-CV-0060 GPC BLM, 2013 WL 1702790, at *3-4 (S.D. Cal. Apr. 19, 2013); *Grace v. Wells Fargo Bank*, Case No. 12-CV-2050 GPC NLS, 2013 WL 663169, at *3-4 (S.D. Cal. Feb. 21, 2013).

citizen of Ohio because its main office is located there."[9]  Finally, the court must observe that the only circuit to have considered the issue after *Schmidt* – the Eighth Circuit – has sided with the majority view.  This all may not be much, but it is enough to suggest that this court may exercise diversity jurisdiction without running afoul of its constitutional and statutory limitations.

**IT IS SO ORDERED.**

Dated:  July 18, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[9] 479 F. 3d 994, 997 (9th Cir. 2007) (citing *Schmidt,* 546 U.S. at 305-07)).